## GILES C. CALHOUN *vs.* ELIAS CURTIS.

Where one of several tenants in common of land, without leave or objection from his cotenants, occupied it exclusively, and sowed it with grain, and partition of the land was made while the grain was growing; it was held that the grain, growing on the purparty of each owner of the land, became the property of each in severalty.

TRESPASS for taking and carrying away a quantity of rye. The parties submitted the case to the court on the following facts :

" The land whereon the rye grew descended to the defendant and ten others, as heirs at law of Giles C. Curtis, the defendant's brother. While the land was held by said heirs in com-

35 *

mon and undivided, the defendant sowed a part thereof with rye. This was done without any leave or any objection from his co-tenants. While the rye thus sowed was growing, a partition and distribution of the real estate of said Giles C. was duly made, under the order of the court of probate, and was accepted by said court. A part of the land on which the rye was growing was set to the defendant; a part to three minor children, heirs at law of one of the sisters of said Giles C.; and a part to Cornelia Gardner, another sister of said Giles C. The father of said minors was duly appointed their guardian by the court of probate. He afterwards purchased that part of the land which was set to said Cornelia Gardner, and sold to the plaintiff all the rye growing upon the land set to his minor children and to said Cornelia; reserving to the defendant one half of said rye. The plaintiff cut and carried away one half of the rye growing on the land so set to said minor children, and placed it in his barn. The defendant cut and carried away the other half. The defendant cut all the rye growing on the land so set to said Cornelia, and the plaintiff took one half thereof from the field and placed it in his barn; the defendant removing the remainder, and appropriating the same to his own use. The defendant took all the rye, so placed in the barn of the plaintiff, and carried it away and converted it to his own use."

It was agreed that the plaintiff should have judgment, if he could recover on these facts; otherwise, that the defendant should recover his costs.

*Byington*, for the plaintiff.

*Sumner*, for the defendant.

SHAW, C. J. It might well be contended, that after the plaintiff had taken one half of the rye and placed it in his own barn, under a claim of right, he had at least a lawful possession which the defendant could not invade; that the taking was therefore unlawful, and that trespass *de bonis asportatis* would lie. But upon another ground, the court are of opinion that the action well lies.

The defendant, as tenant in common, had a lawful right to enter upon the land and to improve it; and such improvemen

would necessarily be exclusive, unless some cotenant had chosen to occupy with him, or claim partition. *Sargent* v. *Parsons*, 12 Mass. 149. If therefore the other cotenants had acquiesced in his separate occupation, until the crop of rye had been gathered, we entertain no doubt that the rye would have been his, and without liability to account. But the cotenants may interrupt such exclusive occupation by one tenant in common, either by occupying with him, or by having partition. A right of partition is one of the incidents of an estate in common.

A growing crop is part of the freehold ; and the general rule is, that the right to a growing crop follows the right of soil, unless in special cases, where by contract, or custom, or by special rules of law, one person can claim an interest in the soil of another. *Chandler* v. *Thurston*, 10 Pick. 210. 1 U. S. Digest, Crops and Emblements. When, therefore, partition is made, that which was before common becomes several — as well the incidents, as the soil itself ; and the crop, growing on the purparty of each, becomes the property of each, in severalty. The defendant brings himself within no exception. He made no contract, express or implied, with his cotenants, either to cultivate the land for his own benefit, or to purchase the crop, or otherwise. He entered upon and improved the land solely on his own right as tenant in common. He could not claim emblements ; for he was not tenant for life, nor at will. His case is not within the equitable principle on which emblements are allowed by law to an outgoing tenant, because, when he sowed the rye, he knew that the land was at any time subject to partition, on the application of his cotenants, or any of them, and of course might be divided and assigned to another cotenant, in severalty, before the crop could come to maturity.

So far as the defendant had any equitable claim for service in cultivating the land for others' benefit — which, however, cannot affect the question of ownership of the grain raised — the defendant obtained it, by being allowed to take half the rye, without objection.

*Judgment for the plaintiff.*